IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHARLES SMITH,** | : |
|             **Petitioner,** | : |
| | : |
| **v.** | :   **CIVIL ACTION NO. 15-3269** |
| | : |
| | : |
| **THE DISTRICT ATTORNEY OF** | : |
| **THE COUNTY OF DELAWARE,** *et al.*, | : |
|             **Respondents.** | : |

# ORDER

**AND NOW,** this 22nd day of September 2016, upon careful and independent consideration of the Petition for Writ of Habeas Corpus, and all related filings, and upon review of the Report and Recommendation ("R&R") of United States Magistrate Judge Carol Sandra Moore Wells, to which no objections have been filed, it is hereby **ORDERED** that:

1. The Report and Recommendation is **APPROVED** and **ADOPTED**[1];

2. The Petition for Writ of Habeas Corpus is **DISMISSED WITH PREJUDICE** and without an evidentiary hearing;

---

[1] In 2011, Petitioner was convicted of first degree murder, criminal conspiracy, possessing firearms without a license, and possession of an instrument of crime following a murder in a Chester, Pennsylvania pizza shop. He was sentenced to a life term of imprisonment and an aggregate consecutive term of 315 to 636 months imprisonment. Petitioner filed a post-sentence motion, arguing that his conviction was against the weight of the evidence, which the trial court denied. The Superior Court affirmed his sentence on appeal, and the Supreme Court of Pennsylvania denied his application seeking allowance of appeal. Petitioner has exhausted state remedies; the reference in the R&R to a pending proceeding appears to be an error. In the instant Petition, he raises two issues: (1) "whether the trial court erred in denying [his] post-sentence motion where there was insufficient evidence to support the verdict"; and (2) "whether the trial court abused its discretion in denying [his] post-sentence motion where the verdict was against the weight of the evidence." These are the same arguments Petitioner made in his post-sentence motion and on direct appeal. As explained in the R&R, Petitioner's first claim is procedurally defaulted because the state court declined to review the claim based on Petitioner's failure to comply with procedural rules. Petitioner has failed to show cause or prejudice for this default, or that default would result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991) (procedurally defaulted claims cannot be reviewed unless "the [petitioner] can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice"). Petitioner's second claim is not cognizable because federal habeas relief is not available for claims based upon state law error; rather, 28 U.S.C. § 2254 provides relief for violations of the Constitution or laws or treaties of the United States. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

3. There is no probable cause to issue a certificate of appealability[2]; and

4. The Clerk of Court is directed to **CLOSE** the case.

It is so **ORDERED**.

**BY THE COURT:**

**/s/ Cynthia M. Rufe**

_____
**CYNTHIA M. RUFE, J.**

---

[2] Petitioner has not made a substantial showing of the denial of a constitutional right; there is no basis for concluding that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal citation omitted).